■ In the Matter of the Claim of ANTHONY J. DONAHUE et al., Appellants, v. AMERICAN RADIATOR & STANDARD CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board which denied an award for benefits to infant claimants, claiming to be acknowledged illegitimate dependent children of the deceased employee. The decedent employee died on August 23, 1961 of causes related to silicosis arising from his employment for which the employer has been held liable. The sole issue on this appeal is whether or not the infant claimants are acknowledged illegitimate dependent children of the deceased employee. For many years prior to his death he was separated from his wife and lived with another woman who was also married, and neither of them were legally separated or divorced. Two children, born to the woman, thus living with the decedent, are the claimants here. One child was born November 17, 1952 and the other November 6, 1955. The births of the children were duly registered as the legal children of the mother and her legal husband. The mother of the infant claimants testified that her legal husband was still living in the same city in which she lived, and that she had seen him " at a funeral about three and one-half years ago ". She further testified that she and her husband had not lived as husband and wife, since April, 1950. The board was not bound as a matter of law to accept her testimony as true. (*Matter of Scarpullo* v. *Alba Barber Shop,* 18 A D 2d 1122.) A child born during wedlock is presumed to be the legal child of the husband and wife, unless competent proof establishes nonaccess by the husband. The board's finding that the presumption of legitimacy has not been overcome by the infant claimants, is supported by substantial evidence, and should not be disturbed. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Staley, Jr., J.